O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LYDIA H. ROBLES, | ) | Case No. EDCV 07-01134-OP |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

The Court[1] now rules as follows with respect to the five disputed issues listed in the Joint Stipulation ("JS").[2]

///

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered the lay witness testimony;
2. Whether the ALJ properly considered the State Agency findings;
3. Whether the ALJ failed to properly consider the report of Plaintiff's treating therapist;
4. Whether the ALJ should have found Plaintiff's post-traumatic stress disorder ("PTSD") to be a severe impairment; and
5. Whether the ALJ posed a complete hypothetical to the vocational expert ("VE").

(JS at 2-3.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as

supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## DISCUSSION

**A.    The ALJ's Failure to Address the Lay Witness Statement of Plaintiff's Uncle, Thomas Cervantes, Was Harmless Error.**

Plaintiff, who was thirty-five years old at the time of the September 2006 hearing, testified that when she was eight years old, she witnessed her father murder her mother; that she suffered from headaches, flashbacks, and nightmares; that she has high blood pressure; and that she gets tired when doing her daily routine.  (AR at 99, 100, 204, 209-10.)

Thomas Cervantes, Plaintiff's uncle, works down the street from Plaintiff's home and testified that he sees her about two times a week for a couple of hours each time.  (Id. at 225.)  He reported that Plaintiff was still affected by the death of her mother.  (Id. at 99-101, 203-26.)  Whenever someone brings up her mother's death, Plaintiff starts "breaking down right away."  (Id. at 226.)  Mr. Cervantes also testified that Plaintiff wakes up from nightmares, forgets things, gets headaches, gets tired, cries, breaks down, is stressed, and has high blood pressure.  (Id. at 223-26.)  Plaintiff will sometimes ask him to go to the store and then forget what she tells him.  (Id. at 225.)  He explained that she has difficulty caring for her four children, two of whom were under one year of age, because of her headaches, crying, and stress.  (Id. at 225-26.)

In his decision, the ALJ did not explicitly discuss Mr. Cervantes' hearing testimony.  Although he acknowledges Plaintiff's PTSD as a result of her mother's death, the ALJ states that he does not consider it severe because "[i]t

1  does not significantly limit the claimant's daily activities, her ability to maintain
2  social functioning, or her ability to maintain concentration, persistence, or pace,
3  and has not resulted in any episodes of decompensation." (Id. at 13.)
4        Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to
5  medical evidence, the Commissioner "may also use evidence from other sources
6  to show the severity of [an individual's] impairment(s) and how it affects [her]
7  ability to work." Further, the Ninth Circuit has repeatedly held that
8  "[d]escriptions by friends and family members in a position to observe a
9  claimant's symptoms and daily activities have routinely been treated as competent
10 evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies
11 equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100
12 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of
13 friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d
14 968, 974 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other
15 sources," he may not do so without comment. Nguyen, 100 F.3d at 1467. In
16 failing to address a lay witness' statement, the error is harmless only if "a
17 reviewing court . . . can confidently conclude that no reasonable ALJ, when fully
18 crediting the testimony, could have reached a different disability determination."
19 Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006); see also
20 Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006).
21       Here, the ALJ made no reference to Mr. Cervantes' statement in his
22 decision. When rejecting lay witness testimony, the ALJ must provide "reasons
23 that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.
24 1993). The ALJ did not do so in this case. Nor is the ALJ relieved of his
25 obligation to comment upon lay witness testimony simply because he has
26 discredited Plaintiff's testimony. To find otherwise would be based upon "the
27 mistaken impression that lay witnesses can never make independent observations
28

of the claimant's pain and other symptoms." Id. Thus, failure to address Mr. Cervantes' testimony, assuming the ALJ rejected that testimony, was error. However, the Court finds this error to be harmless.

At step two of his analysis, the ALJ properly found that Plaintiff's PTSD was not severe. (AR at 13.) Failure to adequately address the testimony of lay witnesses about the symptoms of a claimed impairment properly found not severe at step two, does not affect the outcome of the case. Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005). Moreover, Mr. Cervantes' statements about Plaintiff's problems are essentially cumulative of the Plaintiff's own testimony regarding these symptoms and are reflected in the ALJ's acknowledgment that Plaintiff suffers from PTSD. The ALJ also noted, however, that the medical records fail to support mental health issues consistent with Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms, and neither the records, nor Plaintiff's testimony "persuasively establish an inability to perform work within the parameters established" by his RFC assessment. (AR at 15.)

Under these circumstances, the Court can confidently conclude that no reasonable ALJ considering this case would have reached a different conclusion had he expressly addressed Mr. Cervantes' statements. Accordingly, the ALJ's failure to address that testimony was harmless and does not warrant reversal.

**B.     The ALJ Did Not Err by Not Discussing the State Agency Findings.**

On November 12, 2004, a Residual Functional Capacity Assessment was completed by a DDS Disability Evaluation Specialist and reviewed by a State Agency physician, Joseph Hartman, M.D. This non-examining assessment was conducted in connection with Plaintiff's Meniere's disease[3] and hearing loss. (Id.

---

[3] Meniere's disease is a "disorder of the inner ear that affects hearing and balance." See *http://www.webmd.com/brain/tc/menieres-disease-topic-overview*.

at 172-79.)  In the report, Dr. Hartman noted that Plaintiff is "[n]ot able to balance, due to vertigo."  (Id. at 174.)  He states that she is able to communicate but that she would be "limited in jobs requiring exact hearing or public speaking."  (Id. at 176.)  Dr. Hartman also states that Plaintiff "should avoid hazards and heights due to vertigo."  (Id.)

Plaintiff contends that the it was error for the ALJ to fail to discuss this opinion insofar as Plaintiff's hearing loss and vertigo were concerned.  (JS at 7.)  She contends that the ALJ failed to state whether he accepted or rejected the content of this report and did not provide specific and legitimate reasons for his rationale.  (Id. at 8.)  The Court does not agree.

The ALJ found that Plaintiff had the severe impairment of Meniere's disease, as well as some hearing loss in her right ear, slurred speech, and periodic episodes of vertigo.  (AR at 13-14.)  Accordingly, the ALJ determined that Plaintiff should not be permitted to work on unprotected heights, dangerous machinery, climb or balance, and can only occasionally stoop, kneel, crouch, or crawl.  (Id. at 14.)  Thus, in limiting Plaintiff's work-related activities, the ALJ impliedly agreed with Dr. Hartman's findings regarding Plaintiff's hearing loss and vertigo.

With respect to any work-related audiological limitations, the ALJ properly relied on the October 22, 2004, audiological evaluation conducted by Dr. Sharen Jeffries and an unnamed audiologist (see id. at 151), who concluded, based on the examination, that Plaintiff had no audiological limitations on training or employment and did not need to observe any special precautions related to training or vocational placement.  (Id. at 15, 151.)  Generally, a specialist's opinions entitled to greater weight than nonspecialists when related to area of specialization, and an examining physician's opinion carries more weight than a reviewing physician.  Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001);

see also 20 C.F.R. § 404.1527(d)(5)).

Based on the foregoing, the Court finds no error in the ALJ's failure to specifically discuss Dr. Hartman's limitations or report.

**C.      The ALJ Did Not Err with Regard to the Report of Plaintiff's Treating Therapist.**

On August 13, 2004, a clinical therapist, Jon Held, completed a Clinical Assessment of Plaintiff for the San Bernardino County Department of Mental Health.  (AR at 141-47.)  He reported that Plaintiff "presents with anxiety, insomnia, nightmares, feelings of detachment, [and] inability to remember childhood events."  (Id. at 141.)  He described Plaintiff's appearance and behavior as "alert, anxious, tearful."  (Id. at 144.)   He noted difficulty with concentration, problems with memory, and recurrent nightmares.  (Id.)  He also stated Plaintiff had been "very active with raising her children, PTA, coaching softball, working (until 1 year ago).  Symptoms have been increasing (anxiety, recurrent nightmares, startle response) and client acknowledges she needs help."  (Id. at 142.)  He diagnosed Plaintiff as suffering from PTSD.  (Id. at 147.)

In his decision, the ALJ, referring to this report, stated that Plaintiff "had no history of psychiatric treatment or hospitalizations and did not seek mental health treatment until August 2004."  (Id. at 15, 141-47.)  Plaintiff contends the ALJ failed to state whether he accepted or rejected this report, and did not describe its contents in any way, other than to acknowledge its existence.  (JS at 10-11.)

A therapist is not generally an acceptable medical source.  See 20 C.F.R. § 404.1513(d) (including therapist as an "other" medical source).  The ALJ may, but is not required to, use evidence from these other sources to show the severity of an impairment and how it affects the claimant's ability to work.  Id.  Where a therapist works in conjunction with a medical physician, this may be considered

an "acceptable medical source," while a therapist working on his own is not. Benton ex. rel. Benton v. Barnhart, 331 F.3d 1030, 1039 (9th Cir. 2003); see also Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996).  While Plaintiff contends that "it is accepted [a clinical therapist] . . . does in fact work closely in conjunction with treating physicians and psychologists," the Court is not prepared to make that conclusion in this case, as there is no indication of physician review or support for this report.  Moreover, as noted by the ALJ, despite Mr. Held's diagnosis and recommendation for individual therapy (see AR at 144, 147), there is only minimal indication that Plaintiff sought further mental health treatment after that visit (id. at 14).  Also, although Plaintiff was prescribed various medications, she was generally non-compliant in taking them (see id. at 211, 212, 219), and at the time of the hearing, had not attended any therapy sessions for eight months (id. at 14.)

Based on the foregoing, the Court finds no error in the ALJ's cursory discussion of Mr. Held's report.

**D.     The ALJ Did Not Err in Finding that Plaintiff's PTSD Was Not a Severe Impairment.**

Plaintiff contends the ALJ should have found Plaintiff's PTSD to be a severe impairment.  The Court does not agree.

As previously discussed, the ALJ found that Plaintiff suffered from PTSD but that it was not severe and did not significantly limit her daily activities, her ability to maintain social functioning, or her ability to maintain concentration, persistence, or pace.  (AR at 13.)  Although prescribed Klonopin, Seroquel, and Zoloft for depression, based on her hearing testimony (see id. at 211, 212, 219), the ALJ found that Plaintiff had been non-compliant in taking her medications (id. at 14).  There is no evidence that any medication was prescribed for the PTSD.

As the ALJ properly found, even with PTSD, Plaintiff worked for many

years, most recently as a home care provider from 1997 until 2004.  When she was not working after 2004, she remained busy taking care of her four children at home, two of whom were under the age of one, and one with medical problems.  (Id. at 14, 70, 76, 79, 80, 87, 88, 204, 206, 207-08, 216-17.)  The medications prescribed were for treating depression, not PTSD.  (Id. at 212.)  The mere existence of an impairment is insufficient proof of a disability.  Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993).  Plaintiff has not met her burden of showing that the alleged impairment was disabling and precluded her from engaging not only in her previous work but also from performing "any other kind of substantial gainful work" due to the impairment.  Id.

Based on the foregoing, the Court finds no error in the ALJ's conclusion that Plaintiff's PTSD was not "severe."

**E.     The Hypothetical Posed to the VE Was Proper.**

Plaintiff initially contends that the ALJ erred because the hypothetical questions posed to the VE failed to take into account the State Agency finding that Plaintiff is limited to jobs requiring exact hearing or public speaking.  (JS at 17; see AR at 176.)  In "Defendant's Contentions Regarding Issue No. 5," Defendant addresses instead whether the ALJ should have incorporated any of Plaintiff's purported mental limitations.  (JS at 18.)  Consequently, in her "Reply Regarding Issue No. 5," Plaintiff also switches gears and states the ALJ should have included Plaintiff's PTSD in his hypothetical.  (Id.)  The Court finds no error in the hypothetical with respect to either issue.

"In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record."  Thomas, 278 F.3d at 956 (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)).  Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those

1  limitations which the ALJ finds to exist.  See, e.g., Magallanes, 881 F.2d at
2  756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v.
3  Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).  As a result, an ALJ must propose
4  a hypothetical that is based on medical assumptions, supported by substantial
5  evidence in the record, that reflects the claimant's limitations.  Osenbrock v.
6  Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d
7  179, 184 (9th Cir. 1995)); see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th
8  Cir. 1995) (although the hypothetical may be based on evidence which is disputed,
9  the assumptions in the hypothetical must be supported by the record).

10     As previously discussed, the record evidence did not support Plaintiff's
11  claim that she suffered from either disabling communication problems or PTSD
12  severe enough to limit her job capabilities.  While there was some evidence that
13  Plaintiff becomes tearful whenever her mother's death is mentioned, that she
14  suffers from nightmares and anxiety, and that there is some hearing loss in one
15  ear, there is ample evidence that she was still able to work despite these problems.
16  (See AR at 14, 70, 76, 79, 80, 87, 88, 204, 206, 207-08, 216-17.)

17     Based on the foregoing, the Court finds there was no error in the ALJ's
18  hypothetical questions to the VE which did not include these limitations.  Rollins
19  v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of
20  the limitations that he found to exist, and because his findings were supported by
21  substantial evidence, the ALJ did not err in omitting the other limitations that
22  Rollins had claimed, but had failed to prove.").
23  / / /
24  / / /
25  / / /
26  / / /
27
28

## IV.
## **ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: March 6, 2009

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge